RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
DATE  6/22/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEFFRE FRANCIS HALAS (#43242-177) | DOCKET NO. 15-CV-1231; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Jeffre Francis Halas filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is a prisoner in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges the BOP's recommendation as to Petitioner's placement in a Residential Reentry Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual and Procedural History*

Petitioner is serving a forty-eight month sentence for mail fraud, imposed in the United States District Court for the Northern District of Texas. [4:11-cr-113, N.D.Tex.] He filed an administrative grievance requesting that he be placed in a Residential Reentry Center for a period of ten to twelve months under the Second Chance Act, rather than the six months indicated by his unit team.

The Warden responded to Petitioner's grievance on October 15,

2014, finding that the recommendation made by the unit team was appropriate. [Doc. #1, p.33] Petitioner sought further review, and appealed to the Regional Director. The response indicates that staff considered the statutory factors in 18 U.S.C. §3621(b), which included the resources of the facility contemplated, the nature and circumstances of the prisoner, and any statement by the court that imposed the sentence recommending a type of penal or correctional facility. In Petitioner's case, it was noted that because Petitioner was serving a 48-month sentence and had community support, the 180-day RRC placement was appropriate and afforded Petitioner sufficient opportunity to reintegrate into the community. [Doc. #5, p.2] Petitioner appealed to the Central Office, but did not receive a timely response. [Doc. #5, p.3-4] Therefore, he properly exhausted his claim.

### Law and Analysis

The Second Chance Act of 2007 amended 18 U.S.C. §3624(c) to increase possible placement in a residential reentry center to a period of no more than twelve months prior to the prisoner's projected release date. The amendment also requires the Bureau of Prisons to assess prisoners for placement on an individual basis consistent with the five factors set forth in 18 U.S.C. §3621(b). **The duration of residential reentry placement "is a matter as to which the [Bureau of Prisons] retains discretionary authority," and "nothing in the Second Chance Act or §3621(b) entitles [petitioner]**

2

or any other **prisoner to guaranteed placement in a residential reentry center.**" Creager v. Chapman, No. 4:09-CV-713-A, 2010 WL 1062610, at *3 (N.D.Tex. Mar.22, 2010) (citing various cases). Both the statute and the regulations instruct the Bureau to make a determination on the amount of time a prisoner should spend in residential reentry center "on an individual basis." See 28 U.S.C.A. §3624(c)(6); 28 C.F.R. §570.22. The Bureau also adjusted Policy Statement 7310.04 to state that residential reentry center needs "can usually be accommodated by a placement of six months or less, and that placement in [a residential reentry center] for more than six months must be approved in writing by a regional director of the [Bureau]." See Miller v. Whitehead, 527 F.3d 752, 757 n. 4 (8th Cir. 2008).

In a petition filed pursuant to 28 U.S.C. §2241, the petitioner bears the burden to plead and prove that he or she is in custody in violation of the Constitution and laws of the United States. 28 U.S.C. §2241(c). That Petitioner disagrees with the Bureau of Prisons's recommendation as to the length of his placement in a residential reentry center does not establish a constitutional violation, as nothing in the Second Chance Act or §3621(b) entitles Petitioner or any other prisoner to any guaranteed placement in a residential reentry center. See, e.g., Jones v. Pearson, 2009 WL 5217022 (S.D.Miss. Dec.29, 2009); Wilson v. Keffer, 2009 WL 1230020 (W.D.La. May 5, 2009); Reid v. Dewalt,

2009 WL 383404 (E.D.Ky. Feb.11, 2009). Because Petitioner cannot show that his custody is in violation of the Constitution or laws of the United States, his petition should be denied and dismissed.

### *Conclusion*

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing §2254 Cases in the U.S. District Courts, which is applicable to §2241 petitions under Rule 1(b). According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED**, with prejudice.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be

considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 18th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE